**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

AJANI PLANTE,

            Plaintiff,            1:23-cv-00020-WAL-EAH

   v.

PRIVATE CONTRACOR CEO GROUP,
S. KALLIS, Terre Haute Warden;
TERRE HAUTE ASSOCIATE WARDEN;
TERRE HAUTE MEDICAL
COORDINATOR; TERRE HAUTE
LIEUTENANT CLARK; TERRE HAUTE
NURSE BEAL; TERRE HAUTE
OFFICER LEE; TERRE HAUTE
OFFICER S. WILLIAM,

            Defendants.
_____

**TO:**    Ajani Plante, *Pro Se*

**ORDER TRANSFERRING VENUE**

**THIS MATTER** comes before the Court on the Motion to Transfer, filed on December 19, 2023 by Plaintiff Ajani Plante, a prisoner proceeding pro se and fee paid. Dkt. No. 20. In May 2023, Mr. Plante filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in the District of the Virgin Islands. Dkt. No. 1. At that time, he was incarcerated at the U.S. Penitentiary in Terre Haute, Indiana. Dkt. No. 1-1. His complaint alleged constitutional violations against the prison and various prison officials and correctional officers based mainly on unsanitary conditions that exacerbated his asthma and made it hard for him to breathe. Dkt. No. 1.

*Plante v. Private Contractor CEO Group*
1:23-cv-00020
Order Transferring Venue
Page 2

Because no filing fee or application to proceed without prepayment of fees (i.e., to file in forma pauperis) was filed with the complaint, the Court directed the Clerk's Office to send Mr. Plante a copy of the Court's Prisoner Civil Rights Packet that contained the in forma pauperis application. Dkt. No. 2. The Court eventually determined that Mr. Plante did not qualify to proceed in forma pauperis and required him to pay the $402.00 filing fee by December 22, 2023. Dkt. No. 17.

On December 18, 2023, Mr. Plante paid the full filing fee. 12/18/23 docket notation. On December 19, 2023, Mr. Plante filed the instant Motion to Transfer. Dkt. No. 20. In his motion, he explains that, as a pro se prisoner, he is unfamiliar with civil procedure. *Id.* at 1. However, he recently discovered that he should have filed his lawsuit where the offense occurred instead of in the court where he was convicted. *Id.* He therefore requests that the Court transfer his case to the "valid jurisdiction in the interest of justice." *Id.*

"Pursuant to 28 U.S.C. § 1406(a), if a case is filed 'laying venue in the wrong division or district,' then the district court shall either dismiss the case, 'or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.' 28 U.S.C. § 1406(a)." *Beberman v. U.S. Dep't of State*, No. 14-cv-0020, 2016 WL 3014665, at *2 (D.V.I. May 24, 2016). Proper venue is determined by first looking to the type of action filed. *Id.* "If the applicable statute does not contain a specific venue provision, then the general venue statute at 28 U.S.C. § 1391 applies." *Id.* Because 42 U.S.C. § 1983 does not

*Plante v. Private Contractor CEO Group*
1:23-cv-00020
Order Transferring Venue
Page 3

contain a specific venue provision,[1] § 1391(b) applies. That statute, entitled "Venue in general," provides:

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

In his complaint, Mr. Plante does not address the propriety of venue in the Virgin Islands. However, all individuals named as Defendants work in Terre Haute, Indiana.[2] As indicated above, he explains in his motion that, as a pro se prisoner, he thought that he should file his action in the District where he was convicted, but later determined that assumption was incorrect and asks the Court to transfer to the proper jurisdiction. Dkt. No. 20. It is likely that the individual Defendants reside in the vicinity of Terre Haute Prison in Terre Haute, Indiana, the prison where the alleged unconstitutional actions occurred. Therefore, the Court can confidently conclude that the District Court of the Virgin Islands is not a proper venue for his complaint. Because the incidents Mr. Plante complains of allegedly occurred at Terre Haute USP, which is located in the Southern District of Indiana,

---

[1] *See Urrutia v. Harrisburg Cnty. Police Dep't,* 91 F.3d 451, 462 (3d Cir. 1996) ("Section 1983 contains no special venue provision. Therefore, the general venue provisions of 28 U.S.C. § 1391 apply.").

[2] Mr. Plante does not state where Defendant "CEO Group Private Contractor" is located.

*Plante v. Private Contractor CEO Group*
1:23-cv-00020
Order Transferring Venue
Page 4

venue is appropriate there.[3] *See Pennello v. United States*, No. 11-cv-6964, 2011 WL 6097771, at *3 (D.N.J. Dec. 6, 2011) (holding that although case was filed in federal court in New Jersey, because the petitioner claimed he was denied medical care by prison officials at the Federal Detention Center in Philadelphia, where he was housed, venue was appropriate in the Eastern District of Pennsylvania); *Mueller v. Pa. Att'y Gen.*, No. 86-cv-6074, 1987 WL 6323, at *1-2 (E.D. Pa. Feb. 6, 1987) (holding that because defendants did not reside in the district where the complaint was initially filed, nor did plaintiffs' claims arise therein, transfer to the district in which the complaint could have been brought was in the interests of justice). This reasoning applies here, and the Court will transfer this action to the Southern District of Indiana in the interests of justice.

Accordingly, it is now hereby **ORDERED:**

1. The Motion to Transfer Venue, filed by Plaintiff Ajani Plante, Dkt. No. 20, is **GRANTED** and this matter is **TRANSFERRED** to the Southern District of Indiana.
2. The Clerk of Court shall ensure the procedure is completed properly.
3. The Clerk of Court shall send a copy of this Order to the Pro Se Plaintiff via Certified Mail.

ENTER:

Dated: January 9, 2024

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE

---

[3] When Mr. Plante filed his complaint, he was incarcerated at the U.S. Penitentiary in Terre Haute, Indiana. Since then, he has been transferred to the U.S. Penitentiary in Atwater, CA.